1
2
3
4
5

6              IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF WASHINGTON
7                              AT SEATTLE

8  **RHONDA BROWN**, a Washington resident,

9                    Plaintiff,
                                              **NO.**
10       vs.

                                              **COMPLAINT TO ENFORCE**
11                                            **JUDGMENTS ENTERED TO**
   **MOORE HOTEL, INC.,** a Washington        **PROTECT PERSONS WITH**
12 corporation and owner of the Moore Theatre, **DISABILITIES PURSUANT TO**
   **SEATTLE THEATRE GROUP**, a              **THE ADA AND THE WLAD**
13 Washington corporation and operator of the
   **PARAMOUT THEATRE** and the **MOORE**     **JURY DEMAND**
14 **THEATRE**,

15                    Defendants.

16

17  _____

18       COMES NOW, Plaintiff, Rhonda Brown, by and through her attorneys, Conrad A.

19  Reynoldson of Washington Civil & Disability Advocate and Mark D. Walters, REED PRUETT

20  WALTERS LARSEN PLLC, and for her Complaint to Enforce Judgments Entered to Protect

21  Persons with Disabilities Pursuant to the ADA and the WLAD, to state and allege as follows:

22

Complaint to Enforce Judgments Entered
to Protect Persons with Disabilities
Pursuant to the ADA and the WLAD
**Page 1 of 9**

Conrad A. Reynoldson
WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

## II. PARTIES

**1.** Plaintiff, Rhonda Brown, is a Washington resident who regularly attends entertainment events at places of public accommodation in this district.

**2.** Rhonda Brown is a qualified individual with a disability who uses a motor-powered scooter and requires accessible seating, accessible routes, and accessible restrooms in order to patronize Seattle Theatre Group's establishments.

**3.** Rhonda Brown, as Plaintiff, brought a prior lawsuit against Defendants to protect the rights of people with disabilities under the American's with Disability Act and the Washington Law Against Discrimination; the prior lawsuit was captioned, captioned, *Rhonda Brown, et al, v. Seattle Theatre Group*, Case No. C17-0939-JCC.

**4.** Defendant, Moore Hotel, Inc. is a Washington corporation.

**5.** Moore Hotel, Inc. owns the Moore Theatre located at 1932 2nd Avenue, Seattle, Washington.

**6.** Michael Toulouse is the Registered Agent for Moore Hotel, Inc.

**7.** The address for Moore Hotel, Inc.'s Registered Agent is: 1926 2nd Avenue, Seattle, WA 98101.

**8.** Defendant, Seattle Theatre Group, is a Washington corporation.

**9.** Seattle Theatre Group operates the Moore Theatre.

**10.** Seattle Theatre Group operates the Paramount Theatre.

**11.** DWT WASHINGTON LLC is the Registered Agent for Seattle Theatre Group.

**12.** The address for Seattle Theatre Group's Registered Agent is: 920 5th Avenue, Suite 3300, Seattle, WA 98104.

Complaint to Enforce Judgments Entered to Protect Persons with Disabilities Pursuant to the ADA and the WLAD
**Page 2 of 9**

Conrad A. Reynoldson
WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

## III.   JURISDICTION AND VENUE

**13.**  This court has jurisdiction pursuant to 28 U.S.C. §1331, which gives district courts original jurisdiction over civil actions arising in the Constitution, laws, or treaties of the United States.

**14.**  This court has jurisdiction pursuant to 28 U.S.C. §1343(a)(4), which gives district courts jurisdiction over actions to secure civil rights under Acts of Congress.

**15.**  This court has jurisdiction pursuant to 28 U.S.C. §1367, which gives district courts supplemental jurisdiction over state law claims.

**16.**  Venue is appropriate in this judicial district under 28 U.S.C. §1391 because the Defendants reside in this District and the events and omissions that gave rise to this action occurred in this District.

## V.   FACTUAL ALLEGATIONS

**17.**  This is an action to enforce Judgments previously obtained against Defendants to protect persons with disabilities pursuant to the Americans with Disabilities Act ("ADA") and the Washington Law Against Discrimination ("WLAD") against Defendants, owners and operators of the Moore Theatre and the Paramount Theatre, beautiful and historic places of public accommodation in the City of Seattle.

**A.   The Final Judgment**

**18.**  On August 6, 2018, the Honorable John C. Coughenour, United States District Court Judge, entered a Judgment in a Civil Case ("Final Judgment"), in the lawsuit captioned, *Rhonda Brown, et al, v. Seattle Theatre Group*, Case No. C17-0939-JCC (Dkt. No. 53).

Complaint to Enforce Judgments Entered
to Protect Persons with Disabilities
Pursuant to the ADA and the WLAD
**Page 3 of 9**

Conrad A. Reynoldson
WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

19. A true and correct copy of the Final Judgment (Dkt. No. 53) is attached to this Complaint, marked as Exhibit A.

20. The Final Judgment, states in relevant part: "Defendants shall complete all work as outlined in the Court's prior judgments. (*See* Dkt. Nos. 31, 39)."

21. As of the date of this filing (September 11, 2019), Defendants have not completed all of the work as outlined in the Court's prior judgments. (*See* Dkt. Nos. 31, 39; Exhibits B and C to this Complaint).

**B.    The First Agreed Judgment**

22. Docket No. 31 is entitled *Partial Judgment in a Civil Case* (the "First Agreed Judgment").

23. The Clerk of the Court entered the First Judgment on May 4, 2018. (Dkt. No. 31; Exhibit B to this Complaint).

24. A true and correct copy of the First Agreed Judgment (Dkt. No. 31) is attached to this Complaint, marked as Exhibit B.

25. Paragraph 8 of the First Agreed Judgment (Dkt. No. 31; Exhibit B to this Complaint) pertains to the Moore Theatre and states:

> 8. The drinking fountain on the main floor is too high for use, as alleged in paragraph 77(k) of the Amended Complaint. Within a reasonable period of time, as determined by the Moore Theatre's existing event schedule, Defendants shall remove the existing drinking fountain and replace it with a model that complies with the ADA and the applicable Standards for Accessible Design.

26. The entry date of the First Agreed Judgment, May 4, 2018, to the date of this filing (September 11, 2019) was a reasonable period of time to complete the modification work required by paragraph 8 of the First Agreed Judgment.

Complaint to Enforce Judgments Entered to Protect Persons with Disabilities Pursuant to the ADA and the WLAD
**Page 4 of 9**

Conrad A. Reynoldson
WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1   27.     Upon information and belief, as of the date of this filing (September 11, 2019),

2   Defendants have not completed the Court ordered modifications as required by paragraph 8 of

3   the First Agreed Judgment (Dkt. No. 31; Exhibit B to this Complaint).

4   **C.  The Second Agreed Judgment**

5   28.     Docket No. 39 is entitled *Judgment in a Civil Case* (the "Second Agreed

6   Judgment").

7   29.     The Clerk of the Court entered the Second Judgment on May 30, 2018.

8   (Dkt. No. 39).

9   30.     A true and correct copy of the Second Agreed Judgment (Dkt. No. 39) is attached

10  to this Complaint, marked as Exhibit C.

11  31.     The Second Agreed Judgment (Dkt. No. 31; Exhibit C to this Complaint) ordered

12  Defendants to make certain modifications to the Paramount Theatre so that this place of public

13  accommodation would comply with the 2010 ADA Standards for Accessible Design.

14  32.     The Second Agreed Judgment required Defendants to make these modifications to

15  the Paramount Theatre, "[w]ithin a reasonable period of time, but not to exceed July 1,

16  2019[.]" (Dkt. No. 39, p.2; Exhibit C to this Complaint).

17  33.     Upon information and belief, as of the date of this filing (September 11, 2019),

18  Defendants have not completed all the Court ordered modifications to the Paramount Theatre

19  as required by the Second Agreed Judgment (Dkt. No. 39; Exhibit C to this Complaint).

20                              **First Cause of Action**

21                      **Enforcing a Judgment for a Specific Act**
                **Pursuant to Rule 70 of the Federal Rules of Civil Procedure**
22

Complaint to Enforce Judgments Entered
to Protect Persons with Disabilities
Pursuant to the ADA and the WLAD
**Page 5 of 9**

Conrad A. Reynoldson
WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

34. Plaintiff incorporates the allegations set forth in paragraphs 1 to paragraph 33 as if fully stated in this sentence.

35. Pursuant to Rule 70 of the Federal Rules of Civil Procedure, Plaintiff asks this Court to order the modification work required by paragraph 8 of the First Agreed Judgment (Dkt. No. 31; Exhibit B to this Compliant), the modification work required by the Second Agreed Judgment (Dkt. No. 39; Exhibit C to this Complaint), and the Final Judgment (Dkt. No. 53; Exhibit A to this Complaint) to be supervised and completed by another person appointed by the Court at the Defendants' expense and by a date to be set by this Court.

## Second Cause of Action
### Ongoing Violations of Title III of the Americans with Disabilities Act

36. Plaintiff incorporates the allegations set forth in paragraph 1 to paragraph 35 as if fully stated in this sentence.

37. Upon information and belief, Defendants continue to violate the ADA; therefore, Plaintiff seeks a permanent injunction that orders and requires the Defendants to complete this work on or before December 30, 2019.

38. The ADA and Washington Law Against Discrimination both include fee shifting provisions that allow plaintiffs to recover their attorneys' fees and costs incurred in actions they bring to enforce their civil rights.  The United States Congress explained the reason for including the payment of a plaintiff's attorney fees and costs as part of the damages in civil rights cases in the Senate Report on Civil Rights Attorney's Fees Awards Act of 1976, 42 U. S. C. § 1988: "If private citizens are able to assert their civil rights, and if those who violate the

Complaint to Enforce Judgments Entered to Protect Persons with Disabilities Pursuant to the ADA and the WLAD
**Page 6 of 9**

Conrad A. Reynoldson
WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1  nation's fundamental laws are not to proceed with impunity, then citizens must have the

2  opportunity to recover what it costs them to vindicate these rights in Court."

### Third Cause of Action
### Ongoing Violation of the Washington Law Against Discrimination
(R.C.W. §§ 49.60.010 *et seq*.)

5  **39.**   Plaintiff incorporates the allegations set forth in paragraph 1 to paragraph 38 as if

6  fully stated in this sentence.

7  **40.**   By not completing the Court ordered modification work required by paragraph 8

8  of the First Agreed Judgment (Dkt. No. 31), or the Court ordered modification work required

9  by the Second Agreed Judgment (Dkt. No. 39), and the Final Judgment (Dkt. No. 53) by the

10  date this action is filed (September 11, 2019), Defendants continue to violate the WLAD;

11  therefore, Plaintiff seeks a permanent injunction that orders and requires the Defendants to

12  complete this work on or before December 30, 2019.

13  **41.**   The ADA and Washington Law Against Discrimination both include fee shifting

14  provisions that allow plaintiffs to recover their attorneys' fees and costs incurred in actions

15  they bring to enforce their civil rights.  The United States Congress explained the reason for

16  including the payment of a plaintiff's attorney fees and costs as part of the damages in civil

17  rights cases in the Senate Report on Civil Rights Attorney's Fees Awards Act of 1976, 42 U. S.

18  C. § 1988: "If private citizens are able to assert their civil rights, and if those who violate the

19  nation's fundamental laws are not to proceed with impunity, then citizens must have the

20  opportunity to recover what it costs them to vindicate these rights in Court."

21  ### VII.  PRAYER FOR RELIEF

22  WHEREFORE, Ms. Brown respectfully requests that this Court:

Complaint to Enforce Judgments Entered
to Protect Persons with Disabilities
Pursuant to the ADA and the WLAD
**Page 7 of 9**

Conrad A. Reynoldson
WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

**A.** Assume jurisdiction over this action;

**B.** Pursuant to Rule 70 of the Federal Rules of Civil Procedure, Plaintiff asks this court to re-order the Court ordered modification work required by paragraph 8 of the First Agreed Judgment (Dkt. No. 31; Exhibit B to this Compliant) to be supervised and completed by another person appointed by the Court at the Defendants' expense and by a deadline to be set by this Court;

**C.** Pursuant to Rule 70 of the Federal Rules of Civil Procedure, Plaintiff asks this court to re-order the Court ordered modification work required by the Second Agreed Judgment (Dkt. No. 39; Exhibit C to this Complaint), and the Final Judgment (Dkt. No. 53; Exhibit A to this Complaint) to be supervised and completed by another person appointed by the Court at the Defendants' expense and by a deadline to be set by this Court.

**D.** Find and declare Defendants to be in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*. and the Washington Law Against Discrimination, Wash. Rev. Code §§ 49.60.010 et seq. because they failed to complete the modification work required by the First Agreed Judgment (Dkt. No. 31), the Second Agreed Judgment (Dkt. No. 39), and the Final Judgment (Dkt. No. 53) by the date this action is filed (September 11, 2019).

**E.** Award Mrs. Brown her reasonable attorneys' fees and costs as authorized by 42 U.S.C. § 122205 and Wash. Rev. Code§ 49.60.030(2);

**H.** Award such additional or alternative relief as may be just, proper, and equitable.

Complaint to Enforce Judgments Entered to Protect Persons with Disabilities Pursuant to the ADA and the WLAD
**Page 8 of 9**

Conrad A. Reynoldson
WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1  DATED this 11th day of September, 2019

2

3                           */s/ Conrad Reynoldson*
                       _____
4                       Conrad A. Reynoldson, WSBA No. 48187
                        Attorney for Plaintiff Rhonda Brown
5

6                       WASHINGTON CIVIL & DISABILITY ADVOCATE
                        4115 Roosevelt Way NE, Suite B
                        Seattle, WA 98105
7                       (206) 428-3558
                        conrad@wacda.com
8

9                           *s/s Mark D. Walters*
                       _____
10                      Mark Walters, WSBA No. 25537
                        Attorney for Plaintiff Rhonda Brown
11
                        REED PRUETT WALTERS LARSEN PLLC
12                      11120 NE 2nd Street, Suite 200
                        Bellevue, WA 98004
13                      (425) 688-7620
                        mwalters@rpwlawfirm.com
14

15

16

17

18

19

20

21

22

Complaint to Enforce Judgments Entered to Protect Persons with Disabilities Pursuant to the ADA and the WLAD
**Page 9 of 9**

Conrad A. Reynoldson
WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558